UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Shahidah Rahman,** | 23-CV-3635-NRM-RER |
| Plaintiff, | **Memorandum and Order** |
| v. | |
| **United States Government, Abraham Residence; Hospitals All; Mcdonals Muhammad, Sr Supervisor; Tracy Hawthrone; Mv Trasportation; Frank Pena;** and **NYPD,** | |
| Defendants. | |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Shahidah Rahman filed this *pro se* complaint on May 15, 2023. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* is granted for the limited purpose of this Order.[1] ECF No. 2.  For the reasons that follow, the action is dismissed.

## I.   BACKGROUND

The complaint consists of handwritten entries on a form complaint for a civil case and six additional handwritten pages.  In the space to provide a basis for the Court's jurisdiction, Plaintiff checks above the box for Diversity of Citizenship, but she does not allege that the parties are citizens of different

---

[1] The application is incomplete, as Plaintiff states that she is a "Billionaire" but has no income, assets, expenses, or obligations. ECF No. 2.

states.  ECF No. 1 at 4.[2]  She does not assert any basis for federal question jurisdiction.  The complaint names the United States Government as a defendant, along with private entities and individuals and the NYPD.  *Id.* at 2-5.  The complaint seeks "100 billion dollars a day going back since May 21, 2008, retro payments."  *Id.* at 6, 9.

The handwritten addendum references multiple public figures and private individuals; immigrants from Jamaica, Guyana, Puerto Rico, and Belize; Plaintiff's son, Ishmeil Hall, who "was stabbed May 28, 2008"; unidentified men who raped Plaintiff at Bayview housing; lynching; brain cancer; and the loss of phone privileges on Mothers' Day.  *Id.* at 7-10.  It is frequently difficult to understand what Plaintiff means with statements such as "immigrants is allowing a dead woman every day to be in a quiet civil war with all my motor skills of my brain to whip the brain every day." *Id.* at 9.  In addition to "billions of dollars," Plaintiff requests: "please get the church out of my pocket" and "please give my mom protection Ishmeil protection Fatimah protection." *Id.* at 11.  She states: "I want people to allow me my own privacy my own business my own program not them." *Id.* at 12.

Plaintiff previously filed a similar complaint on March 7, 2023. *Rahman v. United States Government, et al.*, Docket No. 23-CV-1825-NRM-RER.  By Memorandum and Order entered March 29, 2023, the Court dismissed that case, with leave to amend.  No. 23-CV-1825, ECF No. 6.  Plaintiff filed multiple additional submissions that did not cure the deficiencies of the original complaint, and that action was dismissed by Order dated May 1, 2023.  No. 23-CV-1825, ECF No. 17.  Plaintiff filed motions for reconsideration, which this Court denied on May 5, 2023.  Plaintiff also filed a Notice of Appeal, which remains pending.  No. 23-CV-1825, ECF No. 21, No. 22.

## II.  ANALYSIS

"A document filed *pro se* is to be liberally construed, and a *pro se*

---

[2] As the pages of the Amended Complaint and addendum are not consecutively numbered, the Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted and citation omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In this case, as in Plaintiff's prior action, the Court is unable to make out any specific legal claims that she is seeking to bring against any of the defendants.  In the absence of specific allegations based in a question of federal law, *see* 28 U.S.C. § 1331, or in diversity of citizenship between the parties, *see* 28 U.S.C. § 1332, the action must be dismissed.

The Court has considered whether to grant leave to amend the complaint.  In light of Plaintiff's prior action, multiple additional submissions that failed to cure its deficiencies, and the nature of the claims in the current complaint, the Court finds that amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.")

## III.   CONCLUSION

Plaintiff's allegations are not pleaded clearly and specifically against the named defendants and do not appear to have any basis in a question of federal law.  Accordingly, the action is hereby dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to enter judgment and close this case and mail a copy of this Order and the Judgment to Plaintiff.

SO ORDERED.

*/s/ NRM*
NINA R. MORRISON
United States District Judge


Dated:   May 23, 2023
        Brooklyn, New York